UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS F. LINDSLEY ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-6569 |
| BELLSOUTH TELECOMMUNICATIONS, INC. ET AL. | SECTION "S" (2) |

## ORDER AND REASONS ON MOTION

Plaintiffs' Motion for Leave to File First Supplemental Collective Action Complaint, Record Doc. No. 58, is pending before me. Two of the named defendants, BellSouth Telecommunications, Inc. ("BellSouth") and Directional Road Boring, Inc. ("Directional"), filed a timely opposition memorandum. Record Doc. No. 60. Plaintiffs state in their memorandum that the other two named defendants, Robert J. Parker d/b/a Parker Communications and Parker Communications, Inc. (collectively "Parker"), do not oppose the motion. Parker did not file any opposition.

Seven plaintiffs filed this collective action against BellSouth, Directional and Parker under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216. Each plaintiff alleges, individually and on behalf of the class, that he was a non-exempt employee of one or more defendants, and that defendants failed to pay him overtime pay for overtime work performed as a telephone wire splicer in the aftermath of Hurricane Katrina.

Defendants contend that none of them was the employer of any plaintiff and that plaintiffs were independent contractors who were exempt from overtime pay.

The court's scheduling order set April 28, 2008 as the deadline to file amended pleadings. The discovery deadline is January 21, 2009, and the final pretrial conference will be on February 19, 2009. A jury trial is scheduled to begin on March 2, 2009. Record Doc. No. 18.

On May 30, 2008, the presiding district judge conditionally certified a collective action. Record Doc. No. 36. The time frame for eligibility was defined as September 1, 2005 through December 31, 2007. All prospective members who wished to opt in as plaintiffs were required to do so by September 15, 2008. Record Doc. Nos. 39, 40. On September 8, 2008, plaintiffs timely filed thirteen consent-to-join forms. Each of the thirteen opt-in plaintiffs declares under penalty of perjury that he worked more than 40 hours per week and was not paid overtime pay while working as a splicer between September 1, 2005 and December 31, 2007. Record Doc. No. 55.

Plaintiffs now seek to amend their complaint to join as additional defendants David J. O'Leary, the president of Directional, and Tommy R. Emmons, a former officer of Directional. Directional and BellSouth oppose the motion on grounds that the proposed amendment (1) was filed beyond the court-ordered deadline for filing it, (2) is futile because it is time-barred by the FLSA's statute of limitations, and (3) is futile and

in bad faith because one plaintiff testified in his deposition that he was self-employed. For the following reasons, the motion is DENIED.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and the Rule evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (quotations omitted) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "shall not be modified except

upon a showing of good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Id. (quoting 6A Charles Alan Wright, et al., Federal Practice & Procedure § 1522.2 (2d ed. 1990)). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535). Thus, plaintiffs' motion for leave to amend will not be denied merely because they filed it after the deadline, as defendants would have it. However, plaintiffs must demonstrate good cause to modify the scheduling order before the court can consider the Rule 15(a) factors.

 As to the first factor of the good cause test, plaintiffs state that they did not know Directional's management structure and decision-makers when they filed their complaint

4

and that they could not, subject to their obligations under Fed. R. Civ. P. 11(b), include O'Leary and Emmons as defendants at that time. They allege that they only discovered the degree of operational control exercised by O'Leary and Emmons after both men were deposed and that they can only now add these defendants, who might be subject to personal liability as an "employer" under the FLSA.

> The Fifth Circuit has held that the FLSA's definition of "employer" is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." The term "employer" under the FLSA "includes individuals with managerial responsibilities and substantial control over the terms and conditions of the [employee's] work."

Itzep v. Target Corp., 543 F. Supp. 2d 646, 652 (W.D. Tex. 2008) (quoting Reich v. Circle C. Invs., Inc., 998 F.2d 324, 329 (5th Cir. 1993); Lee v. Coahoma County, 937 F.2d 220, 226 (5th Cir. 1991)).

Plaintiffs state in their motion that O'Leary's deposition testimony "forms the basis for adding O'Leary and Emmons as Defendants." Record Doc. No. 58, at p. 2, ¶ 3. However, plaintiffs state in their memorandum in support of the motion that they "did not fully learn of O'Leary['s] and Emmons' operational control of Directional until Emmons' deposition on September 22, 2008." Record Doc. No. 58-3, at p. 3. Plaintiffs do not explain the discrepancy between these statements and do not tell the court when O'Leary's deposition was taken. Defendants argue that plaintiffs' explanation is

5

insufficient because O'Leary's identity as president of Directional was easily ascertainable before the April 28, 2008 deadline and because he was deposed less than a month later on May 20, 2008, but plaintiffs waited more than four months before moving for leave to amend. Defendants also point out that plaintiffs sought defendants' consent to add Emmons and O'Leary as defendants on September 22, 2008, before the deposition of Emmons had begun, and sent the proposed supplemental complaint to defendants later that day. Defendant's Exhs. 2, 3. Plaintiffs have not supported their explanation with any citations to the testimony of either O'Leary or Emmons or with any affidavits or other evidence. I find that plaintiffs have not provided a satisfactory explanation for their untimeliness and have not shown diligence in seeking to add these new defendants. This factor weighs against a showing of "good cause."

Plaintiffs' second argument is that the amendment is important. They contend that O'Leary and Emmons are "necessary parties" because they may be individually liable under the FLSA. Record Doc. No. 58-3, at p. 3. However, a party's "failure to timely amend its claims undercuts the importance of the amended complaint." Baylor Univ. Med. Ctr. v. Epoch Group, L.C., No. 303CV2392G, 2005 WL 2124126, at *8 (N.D. Tex. Sept. 1, 2005). While plaintiffs might find it desirable to add these defendants as additional potential sources of liability, plaintiffs have not shown that the joinder is either

6

"necessary" or important enough to modify the court's scheduling order. This factor also weighs against a finding of "good cause."

As to the third factor, neither party argues that any existing defendant will be prejudiced if the amendment is allowed. Plaintiffs contend that O'Leary and Emmons will not be prejudiced because the only depositions taken so far have been those of plaintiff Louis Lindsley, O'Leary and Emmons; the parties have not yet exchanged "significant" written discovery because the opt-in deadline expired only recently in September; Directional had the same interests as O'Leary and Emmons when it defended their depositions; and the discovery deadline is not until January 21, 2009. Defendants do not dispute these facts or make any argument about prejudice under the Rule 16 standard.

Nonetheless, prejudice to all parties, including the proposed new defendants, is apparent based on the current scheduling order. Plaintiffs' expert reports are due by November 21, 2008 (in less than three weeks ) and defendants' expert reports are due by December 22, 2008. Even if O'Leary and Emmons are served with the complaint tomorrow, their responsive pleadings would not be due for at least 20 days. By that time, only two months would remain for discovery concerning nineteen plaintiffs, six defendants and expert witnesses during the busy holiday season, and only an additional

month to prepare for the final pretrial conference during the Mardi Gras season.  This factor weighs against a finding of "good cause."

Although a short continuance of the discovery and expert witness deadlines might be available upon motion of a party, for good cause shown, the availability of a trial continuance to cure any potential prejudice would have to be addressed by the presiding district judge.  Thus, all four factors weigh against granting plaintiffs' motion to amend.  Accordingly, plaintiffs have failed to show good cause to modify the scheduling order.

Because plaintiffs have failed to meet the good cause standard of Rule 16(b), the motion is DENIED, and the court need not address whether their motion satisfies the requirements of Rule 15(a).  S & W Enters., 315 F.3d at 536.

New Orleans, Louisiana, this ___5th___ day of November, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE