| | |
|---|---|
| **LOUIS F. LINDSLEY, JR., KEVIN L. BRADKE, EDWARD G. BRADKE, STEVE FLINT, DAVID POWELL, AND CARROLL LAWSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-6569** |
| **BELLSOUTH TELECOMMUNICATIONS, INC. ROBERT J. PARKER D/B/A PARKER COMMUNICATIONS, AND DIRECTIONAL ROAD BORING, INC.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

IT IS HEREBY ORDERED that "Plaintiffs' Motion to Strike Defendants' Motion for Summary Judgment as to Louis F. Lindsley" is **DENIED**.  (Document #73.)

## I. BACKGROUND

Louis F. Lindsley, Louis Lindsley, Jr., Kevin L. Bradke, Edward G. Bradke, David Powell, and Carroll Lawson filed a collective action complaint against Bellsouth Telecommunications, Inc., Robert J. Parker d/b/a Parker Communications, and Directional Road Boring, Inc., pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

The plaintiffs worked as splicers repairing the telephone network in New Orleans after

Hurricane Katrina. They allege that they were not paid for all hours worked in excess of 40 hours a week in accordance with the FLSA. The plaintiffs seek to represent all employees who are similarly situated in the jobs performed and the manner of compensation.

The court granted the plaintiffs' motion for conditional collective action certification and for "court-supervised notice to others similarly situated to opt-in." The court authorized the form of the notice to be sent to members of the potential class. On September 8, 2008, the plaintiffs filed thirteen consent-to-join forms.

BellSouth and Directional Road Boring filed a motion for summary judgment as to plaintiff, Louis F. Lindsley, the only plaintiff who has been deposed. The motion is set for hearing on February 18, 2009. The plaintiffs filed a motion to strike the motion for summary judgment.

## II. DISCUSSION

The plaintiffs contend that summary judgment is improper against an individual, named plaintiff until the class is decertified or the defendants seek summary judgment as to the entire class or a subclass that is defined by a common question of law. The defendants argue that the summary judgment motion is not precluded and that it will streamline the case and avert unnecessary costs.

"A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-LaRoche Inc. v. Sperling, 110 S.Ct. 482, 486 (1989).

Collective actions usually proceed in two stages. <u>Sandoz v. Cingular Wireless L.L.C.</u>, 2008 WL 5341434 *8, n.2 (5th Cir. 2008). First, the plaintiff moves for conditional certification of the class action. The district court decides whether to provide notice to fellow employees who may be similarly situated and, if so, conditionally certifies a collective action. <u>Id</u>. Second, once discovery is complete, the employer may move to decertify the collective action. <u>Id</u>. The court must make a factual determination as to whether there are similarly-situated employees who have opted-in, and either dismiss the opt-in employees or permit the collective action to proceed. <u>Id.</u>

The parties have not cited a statute or case law that precludes a motion for summary judgment during the certification process. In <u>Hogan v. Allstate Insurance Company</u>, 361 F.3d 621, 623 (11th Cir. 2004), the Court of Appeals addressed the appeal of cross motions for summary judgment in a conditional collective action, in which the district court chose "test plaintiffs" for purposes of discovery and motions for summary judgment. The issue was whether the plaintiffs were employees or independent contractors, to whom the FLSA does not apply.

In this case, the issue in the motion for summary judgment is whether Bell South and Directional Road Boring are the employers of Lindsley or whether he is an independent contractor. The court has reviewed the complaint, the notice identifying the collective action, and the consent-to-join forms of the opt-in plaintiffs. All plaintiffs, including Lindsley, allege that they were employed by Bell South, Directional Road Boring, and Parker as splicers by the defendants and that they worked in excess of 40 hours per week, but were not paid overtime. Because of the allegation that they were employees, the completion of discovery as to Lindsley,

and the filing of the motion for summary judgment, the court finds that it is appropriate to choose Lindsley as a test plaintiff to resolve the issue of employee versus independent-contractor status.   Resolution of the issue regarding Lindsley, which may be common to the other plaintiffs, does not hinder the purpose of the collective action to aid the "unprotected" in an efficient and effective manner.  Accordingly, the motion to strike the summary judgment is denied.

New Orleans, Louisiana, this __9th__ day of February, 2009.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**