UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS F. LINDSLEY ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-6569 |
| BELLSOUTH TELECOMMUNICATIONS INC. ET AL. | SECTION "S" (2) |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Defendants' Motion for Sanctions, Record Doc. No. 89

O R D E R E D:

 XXX : DISMISSED AS MOOT IN PART AND DENIED IN PART, subject to the order contained herein. The motion is dismissed as moot as to plaintiff Louis F. Lindsley. All claims asserted by this particular plaintiff against the moving defendants have been dismissed by the presiding district judge, Record Doc. No. 87, and discovery responses from this dismissed plaintiff are no longer required.

In all other respects, the motion is denied, subject to the order contained herein. Specifically, the motion is denied insofar as it seeks the draconian sanction of dismissal, which is reserved exclusively for contumacious and continuing discovery misconduct. Doe v. American Airlines, 283 Fed. Appx. 289, 2008 WL 2570789, at *2 (5th Cir. 2008), cert. denied, 129 S. Ct. 1003 (2009); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing Federal Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Employment Opportunity Comm'n v. General Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)). While plaintiffs' conduct in failing to provide discovery responses has been dilatory, I cannot find contumacious conduct warranting the most severe sanction at this time. Accordingly, dismissal is not yet appropriate.

For similar reasons, the motion is also denied insofar as it seeks what would amount to a case-dispositive sanctions order "that each plaintiff be deemed an independent contractor" or "that the plaintiffs be barred from offering evidence at trial that they were employees of Directional." Record Doc. No. 89 (Motion for Sanctions at p. 1). Under the procedural circumstances presented by this record, including entry of a stay order on the same day as entry of a Rule 54(b) partial final judgment dismissing the claims of one plaintiff only, Record Doc. Nos. 86 and 87, followed by another order rescinding the stay order, Record Doc. No. 88, I find that the requested case-dispositive sanctions as to the claims of the remaining plaintiffs would be unduly harsh, particularly considering that ample time for the completion of this discovery remains before the trial date and related deadlines.

The motion is also denied insofar as it seeks an award of attorneys fees and costs. The particular case-dispositive sanctions requested by defendants are unwarranted, and no part of what was requested in this motion has been granted. Under these circumstances, no monetary award against plaintiffs is justified. Fed. R. Civ. P. 37(a)(5)(B). On the other hand, my previous discovery order has not been complied with, and there appears to be no reason why discovery as to the remaining plaintiffs should not proceed.[1] Accordingly, denial of this motion is subject to the following:

---

[1] I am compelled to note the odd nature of plaintiffs' memorandum in opposition to this motion, Record Doc. No. 90 at p. 3, in which plaintiffs ask the court to "(1) enter a new order allowing Plaintiff Louis F. Lindsley to obtain an appellate ruling from the United States Court of Appeals for the Fifth Circuit regarding this Court's summary judgment order and (2) stay these proceedings [including this discovery and compliance with my previous discovery order, Record Doc. No. 85] until such time as the Parties obtain the appellate ruling." No "new order . . . to obtain an appellate ruling" appears necessary. On May 21, 2009, the presiding district judge in fact entered a partial final judgment concerning this court's summary judgment order dismissing all claims of Louis F. Lindsley. Record Doc. No. 87. No appeal from that judgment was timely filed. Fed. R. App. P. 4(a)(1). A timely appeal is a jurisdictional requirement at the Court of Appeals level. Kinsley v. Lakeview Reg'l Med. Ctr. LLC, No. 08-30025, 2009 WL 1532992, at *1 (5th Cir. June 3, 2009) (citing 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 214 (2007)); Thompson v. Smock, 306 Fed. Appx. 168, 2009 WL 62226, at *1 (5th Cir. Jan. 12, 2009); Bowen v. Stewart, 294 Fed. Appx. 987, 2008 WL 4488305, at *1 (5th Cir. Oct. 7, 2008). Thus, at this time and on the current record, it appears that no stay pending appeal is possible, since no timely appeal could be filed, and that discovery concerning the claims of the remaining plaintiffs before this court should proceed. If plaintiffs' counsel seek to (a) pursue an untimely appeal of the Rule 54(b) final judgment entered by this court six (6) weeks ago and (b) stay the remaining proceedings in this court while they do so, they should consider filing a motion pursuant to Fed. R. App. P. 4(a)(5) and/or 4(a)(6) and/or Fed. R. Civ. P. 60 and notice it for hearing before the presiding district judge, whose previously entered appealable partial final judgment they failed timely to appeal.

**IT IS ORDERED** that plaintiffs (other than the dismissed plaintiff Louis F. Lindsley) must respond to defendants' discovery requests fully and in writing, in accordance with Fed. R. Civ. P. 33 and 34, and make all responsive documents or other tangible items available to defendants' counsel no later than **July 17, 2009 at 4:00 p.m.**

New Orleans, Louisiana, this    8th    day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. MARY ANN VIAL LEMMON